Barrett Daffin Frappier Turner & Engel, L.L.P.
1900 St. James Place, Suite 500
Houston, Texas 77056

ATTORNEYS FOR WELLS FARGO BANK, N.A.          BB# 7319437

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: § | | CASE NO. 17-33508 |
| § | | |
| SHAHNAZ B. KHAN § | | CHAPTER 13 |
|     DEBTOR, § | | |
| § | | |
| § | | |
| WELLS FARGO BANK, N.A., ITS § | | A hearing on the Motion for Relief |
| ASSIGNS AND/OR SUCCESSORS IN § | | from Automatic Stay set for: |
| INTEREST § | | MARCH 5, 2018 AT 2:00 P.M. |
| § | | |
| v. § | | |
| § | | |
| § | | |
| SHAHNAZ B. KHAN, Debtor; and § | | |
| DAVID G. PEAKE,  Trustee; § | | |
|     RESPONDENTS. § | | |
| § | | JUDGE DAVID R. JONES |

**MOTION OF WELLS FARGO BANK, N.A., ITS ASSIGNS AND/OR SUCCESSORS IN INTEREST FOR RELIEF FROM THE AUTOMATIC STAY FOR THE LIMITED PURPOSE OF PROCEEDING WITH LITIGATION IN CASE # 17-cv-0007, STYLED SHAHNAZ KHAN V. WELLS FARGO BANK, N.A., PENDING IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS AND/OR TO CONFIRM THAT THERE IS NO AUTOMATIC STAY IN EFFECT BARRING MOVANT FROM PROCEEDING WITH OF THE DEFENSE OF CASE # 17-cv-0007, STYLED SHAHNAZ KHAN V. WELLS FARGO BANK, N.A., PENDING IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS**

**NOTICE**

**THIS IS A MOTION FOR RELIEF FROM THE AUTOMATIC STAY. IF YOU OBJECT TO THE GRANTING OF RELIEF FROM THE AUTOMATIC STAY, YOU SHOULD CONTACT THE MOVANT IMMEDIATELY TO TRY TO REACH AN AGREEEMNT.  IF YOU CANNOT**

**REACH AN AGREEMENT, YOU MUST FILE A WRITTEN RESPONSE AND SEND A COPY TO MOVANT NOT LATER THAN FEBRUARY 26, 2018 AND YOU MUST ATTEND THE HEARING.**

**THE COPY SENT TO THE MOVANT MUST BE DELIVERED BY HAND OR ELECTRONICALLY DELIVERED IF IT IS SENT LESS THAN 7 DAYS BEFORE THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE HEARING MAY BE AN EVIDENTIARY HEARING AND THE COURT MAY GRANT OR DENY RELIEF FROM THE STAY BASED ON THE EVIDENCE PRESENTED AT THIS HEARING. IF A TIMELY OBJECTION IS FILED, THE COURT WILL CONDUCT A HEARING ON THIS MOTION ON MARCH 5, 2018 AT 2:00 P.M. IN COURTROOM 400, 4TH FLOOR, U.S. FEDERAL COURTHOUSE, 515 RUSK, HOUSTON, TEXAS 77002**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE OF SAID COURT:

COMES NOW, Wells Fargo Bank, N.A., its assigns and/or successors in interest, (hereinafter "Movant"), and files this Motion for Relief from the Automatic Stay for the Limited Purpose of Proceeding with Litigation in Case # 17-cv-0007; styled Shahnaz Khan v. Wells Fargo Bank, N.A., pending in the United States District Court for the Southern District of Texas and/or to Confirm That There is No Automatic Stay in Effect Barring Movant from Proceeding with the Defense of Case # 17-cv-0007; styled Shahnaz Khan v. Wells Fargo Bank, N.A., pending in the United States District Court for the Southern District of Texas (hereinafter the "Motion"), and in support thereof would respectfully show the Court the following:

1. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §1334 and 157, 11 U.S.C. §362(a), 11 U.S.C. §362(c)(3)(A) and 11 U.S.C. §1301(a). This is a core proceeding.

2

2. Movant is the owner/holder of that one certain Adjustable Rate Mortgage Note dated May 27, 2004 executed by Shahnaz Khan in the original principal amount of SIX HUNDRED FIFTEEN THOUSAND and 00/100 dollars, ($615,000.00) (the "Note"). The Note is secured by a first lien Deed of Trust on property described to wit:

   ALL THAT CERTAIN REAL PROPERTY SITUATED IN THE COUNTY OF HARRIS STATE OF TEXAS, DESCRIBED AS FOLLOWS:

   LOT THIRTY-FOUR (34), IN BLOCK ONE (1), OF AMENDING PLAT OF TAYLOR LAKE SHORES, SECTION ONE, A SUBDIVISION IN HARRIS COUNTY, TEXAS, ACCORDING TO THE MAP OR PLAT THEREOF FILED UNDER CLERK'S FILE NO R-0271785 OF HARRIS COUNTY, TEXAS, RECORDED UNDER FILM CODE NO 365089 OF THE MAP RECORDS, HARRIS COUNTY, TEXAS, more commonly known as 1907 Ray Shell, Seabrook, Texas 77586 (the "Property").

3. On or about June 5, 2017, Debtor filed this petition for relief under Chapter 13 of the Bankruptcy Code. Movant has filed a secured proof of claim in this bankruptcy proceeding. This Honorable Court has entered an order confirming Debtor's Chapter 13 Plan. Movant's secured claim is being paid through the Plan.

4. Prior to the filing of the present bankruptcy case, on December 30, 2016, the Debtor filed Plaintiff's Original Petition and Application for Temporary Restraining Order and Temporary Injunction against Movant in the 215th District Court of Harris County Texas, Case # 2016-8889; styled Shahnaz Khan v. Wells Fargo Bank, N.A. A/K/A/ Wachovia Mortgage, a division of Wells Fargo Bank, N.A. and F/K/A Wachovia Mortgage, FSB (the "State Court Petition"). A true and correct copy of the State Court Petition is attached hereto marked Exhibit "A" and is incorporated herein by reference. On January 3, 2017, a Notice of Removal of the State Court Petition was filed by Wells Fargo Bank, N.A. in the United States District Court for the Southern District of Texas. The removed action was assigned Case # 17-cv-00007.

3

A true and correct copy of the Docket for Case # 17-cv-0007 is attached hereto marked Exhibit "B" and incorporated herein by reference. The removed action shall hereinafter be referred to as the "District Court Proceeding".

5. On June 2, 2017, Judge Melinda Harmon denied the Debtor's application for a temporary restraining order. Three days later, this bankruptcy proceeding was filed to prevent Movant from proceeding with foreclosure. This is the sixth (6th) chapter 13 bankruptcy [proceeding filed by the Debtor.

6. Movant has not sought any affirmative relief against the Debtor in the District Court Proceeding. Movant only seeks, by this Motion, permission to proceed with the defense of the claims raised by Debtor against Movant in the District Court Proceeding. The automatic stay of 11 U.S.C. §362(a) does not on its face impose a stay against a Defendant in a lawsuit brought by the Debtor plaintiff. However, out of an abundance of caution, Movant files this Motion seeking such relief so that Movant can proceed with the defense of the claims raised in the District Court Proceeding or seeking to confirm that the automatic stay does not apply to Movant with respect to the defense of the District Court Proceeding.

7. Movant believes that the District Court Proceeding may be disposed of by pre-trial dispositive motion for the reasons set forth below:

Procedural and Factual Background

8. In addition to the six (6) bankruptcy proceedings filed by Debtor, Debtor has filed five (5) separate lawsuits against Movant asserting the exact same relief and based upon largely the same allegations. These lawsuits are:

4

The First Lawsuit.

a. On or about August 31, 2012, in order to attempt to prevent foreclosure on the Property, Debtor filed his first lawsuit against Movant in the 295th District Court of Harris County, Texas, Case # 2012-50431 styled Sharafat Khan and Shahnaz Khan v. Wells Fargo Bank, N.A. A true and correct copy of the petition filed by Debtor in the Frist Lawsuit is attached hereto marked Exhibit "C" and is incorporated herein by reference(the "First Law Suit"). On September 10, 2012, a Notice of Removal of this State Court Petition was filed by Wells Fargo Bank, N.A. in the United States District Court for the Southern District of Texas The removed action was assigned Case # 12-cv-02702. A true and correct copy of the Docket for Case # 12-cv-02702 is attached hereto marked Exhibit "D" and incorporated herein by reference. The First Lawsuit alleged, among other things, that Wells Fargo had not shown that it is the Holder of the Note and had no right to attempt to enforce the Note. Debtor was made aware that Wells Fargo Bank, N.A. was the original lender by merger. As a result, Debtor agreed to dismiss the First Lawsuit with prejudice. A true and correct copy of the Order of dismissal with Prejudice for Case # 12-cv-02702 is attached hereto marked Exhibit "E" and incorporated herein by reference.

The Second Lawsuit.

b. On or about August 5, 2013, in order to attempt to prevent foreclosure on the Property, Debtor filed his second lawsuit against Movant in the 270thh District Court of Harris County, Texas, Case # 2013-45411 styled Shahnaz

5

Khan v. Wells Fargo Bank, N.A., as Trustee for Wells Fargo Mortgage Backed Securities 2004-M Trust. A true and correct copy of the petition filed by Debtor in the Frist Lawsuit is attached hereto marked Exhibit "F" and is incorporated herein by reference (the "Second Law Suit"). . On September 9, 2013, a Notice of Removal of this State Court Petition was filed by Wells Fargo Bank, N.A. in the United States District Court for the Southern District of Texas. The removed action was assigned Case # 13-cv-02316. A true and correct copy of the Docket for Case # 13-cv-02316 is attached hereto marked Exhibit "G" and incorporated herein by reference. The Second Lawsuit again challenged Movant's authority to foreclose on the Property, arguing that Movant had no interest in the Note and/or the Deed of Trust and therefore, was not the property Party to proceed with foreclosure. Debtor's counsel was quickly informed that the Second Lawsuit was improper as a result of the dismissal of the First Lawsuit.. He thereafter voluntarily dismissed the Second Lawsuit without prejudice. A true and correct copy of the Order of Dismissal with Prejudice for Case # 13-cv-02316 is attached hereto marked Exhibit "H" and incorporated herein by reference.

The Third Lawsuit

c.  On or about October 30, 2013, in order to delay foreclosure on the Property as a result of her default on the Note payments, Debtor filed her third lawsuit against Movant in the 127th[h] District Court of Harris County, Texas, Case # 2013-65842 styled Shahnaz Khan v. Wells Fargo Bank, N.A. A true and correct copy of the amended petition filed by Debtor in the Third Lawsuit

6

is attached hereto marked Exhibit "I" and is incorporated herein by reference. (the "Third Lawsuit").   Debtor alleged the same challenge to Movant's standing to foreclose as the previous lawsuits.  The Third Lawsuit was abated due to Debtor's filing one of her bankruptcy under Case # 13-37720.  Once her bankruptcy was dismissed, the Third Lawsuit was reinstated.  Movant thereupon filed a Motion for Summary Judgment, arguing that Debtor's claims were barred by res judicata.  The Court granted the Motion for Summary Judgment and again dismissed the claims, with prejudice, on April 2, 2015.  A true and correct copy of the Order of Dismissal with Prejudice for Case # 2013-65842 is attached hereto marked Exhibit "J" and incorporated herein by reference.

The Fourth Lawsuit.

d. On or about October 30, 2015, Debtor filed another lawsuit alleging the same claims that had been previously dismissed with prejudice.  This lawsuit was filed under Case # 15-cv-03210 in the United States District Court for the Southern District of Texas, styled Shahnaz Khan v. Wells Fargo Bank, N.A. A true and correct copy of the petition filed by Debtor in the Frist Lawsuit is attached hereto marked Exhibit "K" and is incorporated herein by reference (the "Fourth Lawsuit").  A true and correct copy of the Docket for Case # 15-cv-03210 is attached hereto marked Exhibit "L" and incorporated herein by reference.  Plaintiff's thereafter counsel moved to nonsuit the Fourth Lawsuit with Prejudice.  The Court granted that Dismissal with Prejudice on May 26, 2016.  A true and correct copy of the Order of Dismissal with Prejudice for

       Case # 15-cv-03210 is attached hereto marked Exhibit "M" and incorporated herein by reference. After entry of the dismissal order, the United States district Court awarded sanctions to Movant for Debtor's counsel's egregious behavior in filing a lawsuit that was barred. A true and correct copy of the Order Granting Sanctions is attached hereto marked Exhibit "N".

9. This returns us to the present lawsuit which Movant previously referred to as the District Court Proceeding filed December 30, 2016. This is the fifth such lawsuit. Plaintiff echoes the same complaints that she has asserted in the first four lawsuits. All claims relating to Movant's standing or rights to assert an interest in the Note or the right to proceed with foreclosure on the Property have been fully and completely disposed of by entry of the prior orders of dismissal with prejudice. Movant is informed and believes that it can dispose of the District Court Proceeding by the filing of a Motion for Summary Judgment and/or Motion to Dismiss.

10. The District Court Proceeding is pending. All parties have been joined. Movant has asserted no affirmative claims for relief against the Debtor. Movant only seeks to defend the claims that have been made against Movant and to have orders entered disposing of those claims.

11. The United States District Court has exclusive jurisdiction over the claims raised in the District Court Proceeding. Debtor has not filed an objection to Movant's proof of claim. The bankruptcy court has no basis to delay the parties from proceeding towards a final adjudication of the District Court Proceeding.

12. The interests of judicial economy would be best served by allowing the claims against Movant to be finally adjudicated by the United States District Court in the pending proceeding.

13. Based upon the foregoing, Movant requests the Court enter an order terminating the automatic stay for the limited purpose of allowing Defendant to proceed with the defense of Case # 17-cv-00007, styled Shahnaz Khan v. Wells Fargo Bank, N.A. A/K/A/ Wachovia Mortgage, a division of Wells Fargo Bank, N.A. and F/K/A Wachovia Mortgage, FSB, pending in the United States District Court for the Southern District of Texas.  Alternatively, Movant seeks entry of an order confirming that automatic stay does not apply to the claims and causes of action set forth in Case # 17-cv-00007, styled Shahnaz Khan v. Wells Fargo Bank, N.A. A/K/A/ Wachovia Mortgage, a division of Wells Fargo Bank, N.A. and F/K/A Wachovia Mortgage, FSB, pending in the United States District Court for the Southern District of Texas.

WHEREFORE, PREMISES CONSIDERED, Movant prays that this Court enter an Order, after notice and hearing:

   a. terminating the automatic stay for the limited purpose of allowing Defendant to proceed with the defense of Case # 17-cv-00007, styled Shahnaz Khan v. Wells Fargo Bank, N.A. A/K/A/ Wachovia Mortgage, a division of Wells Fargo Bank, N.A. and F/K/A Wachovia Mortgage, FSB, pending in the United States District Court for the Southern District of Texas.

   b. Alternatively, confirming that automatic stay does not apply to the claims and causes of action set forth in Case # 17-cv-00007 styled Shahnaz Khan v. Wells Fargo Bank, N.A. A/K/A/ Wachovia Mortgage, a division of Wells Fargo Bank,

N.A. and F/K/A Wachovia Mortgage, FSB, pending in the United States District Court for the Southern District of Texas.

c. Such other and further relief at law or in equity as Movant may show itself justly entitled.

Respectfully submitted,

BARRETT DAFFIN FRAPPIER
TURNER & ENGEL, LLP

/s/ MITCHELL J. BUCHMAN
MITCHELL J. BUCHMAN
TBA# 03290750
1900 St. James Place
Suite 500
Houston, Texas  77056
Phone:  (713) 693-2014
Fax:    (713) 693-2011
Email:  SDECF@BBWCDF.COM
ATTORNEYS FOR CREDITOR

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Motion was electronically filed February 6, 2018, and served on the same day electronically or by First Class U.S. Mail, postage paid, in accordance with the Bankruptcy Rules to the following:

**ELECTRONICALLY OR BY REGULAR FIRST CLASS U.S. MAIL, POSTAGE PREPAID TO:**

Debtor:
Shahnaz B. Khan
1907 Rayshell Ct.
Seabrook, Tx 77586

Debtor's attorney:
Kyle Kenneth Payne
Pyne & Associates, PLLC
5225 Katy Freeway, Suite 505
Houston, Texas 77007

Chapter 13 Trustee:
David G. Peake
9660 Hillcroft, Suite 430
Houston, Texas 77096-3856

U.S. Trustee:
Office of the US Trustee
515 Rusk Avenue
Suite 3516
Houston, Texas 77002

/s/ MITCHELL J. BUCHMAN
MITCHELL J. BUCHMAN
TBA# 03290750

**CERTIFICATE OF CONFERENCE**

I hereby certify that on February 2, 2018 the undersigned communicated with counsel for Debtor regarding this motion via email. Debtor's counsel did not respond. This motion is therefore deemed opposed.

/s/ MITCHELL J. BUCHMAN
MITCHELL J. BUCHMAN
TBA# 03290750

11